UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11381-RGS

BENJAMIN SILVA

v.

HAROLD W. CLARKE, THOMAS DICKHAUT,
DUANE MacEACHEARN

MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION TO DISMISS

December 22, 2010

STEARNS, D.J.

In this Religious Land Use and Institutionalized Persons Act (RLUIPA) case, pro se plaintiff Benjamin Silva, an inmate incarcerated at Souza Baranowski Correctional Center, alleges that his right to the free practice of his Wicca religion has been wrongly interfered with by defendants' refusal to allow him access to pornography and other sexually explicit material that he insists is integral to the practice of his faith.

RLUIPA provides that

> [n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 2 of the Civil Rights of Institutionalized Persons Act (42 U.S.C. 1997) of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person –
>
> (1) is in furtherance of a compelling governmental interest; and
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a).

As the First Circuit explained in Spratt v. Rhode Island Dep't of Corr., 482 F.3d 33

(1st. Cir. 2007), "a claim under RLUIPA includes four elements. On the first two elements, (1) that an institutionalized person's religious exercise has been burdened and (2) that the burden is substantial, the plaintiff bears the burden of proof. . . . Once a plaintiff has established that his religious exercise has been substantially burdened, the onus shifts to the government to show (3) that the burden furthers a compelling governmental interest and (4) that the burden is the least restrictive means of achieving that compelling interest." Id. at 38. RLUIPA should be applied with particular sensitivity when security concerns are legitimately at issue. "It bears repetition . . . that prison security is a compelling state interest, and that deference is due to institutional officials' expertise in this area." Spratt, 482 F.3d at 39, quoting Cutter v. Wilkinson, 544 U.S. 709, 725 n.13 (2005). See also Longoria v. Dretke, 507 F.3d 898, 904 (5th Cir. 2007); Washington v. Klem, 497 F.3d 272, 283 (3d Cir. 2007). Cf. Johnson v. California, 543 U.S. 499, 500 (2005) ("necessities of prison security and discipline" are a compelling government interest in justifying narrowly tailored racial classifications) (internal quotations omitted).[1]

In denying plaintiff's request, the Department of Correction has followed the procedural requisites of 103 Code Mass. Regs. § 403.10 (9), governing prisoners' possession of religious articles. The regulation confers in full measure the due process protections guaranteed by the United States Constitution and RLUIPA. See Rasheed v.

---

[1]RLUIPA does not confer "privileged status on any particular sect, and singles out no bona fide faith for disadvantageous treatment." Cutter, 544 U.S. at 724. The sincerity of plaintiff's religious beliefs are not in question. See Defendants' Mem. at 4.

Comm'r of Corr., 446 Mass. 463, 475-477 (2006).² Thus, the only real question is whether the Department's refusal to grant plaintiff access to pornography constitutes a substantial burden on his practice of Wicca.³ RLUIPA does not define what is precisely meant by "substantial burden." However, Supreme Court precedent identifies the existence of such a burden when government puts "substantial pressure on an adherent to modify his behavior and to violate his beliefs . . . ." Thomas v. Review Bd. of Indiana Employment Sec. Div., 450 U.S. 707, 718 (1981); see Spratt, 482 F.3d at 38 (assuming, *arguendo*, that the Thomas standard is generally applicable). "[I]ncidental effects of government

---

²Plaintiff's Complaint fares no better when cast as a pure First Amendment issue. Federal courts have uniformly rejected First Amendment challenges to bans by prison authorities on inmate access to pornography. See e.g., Amatel v. Reno, 156 F.3d 192, 198-199 (D.C. Cir. 1998).

³The First Circuit has also yet to offer a conclusive definition of a "substantial burden." Other circuits have adopted formulations of the standard set out in Thomas v. Review Bd. of Indiana Employment Sec. Div., 450 U.S. 707, 718 (1981), or the slightly stricter standard suggested in Sherbert v. Verner, 374 U.S. 398, 404 (1963) (a substantial burden exists when an adherent is forced "to choose between following the precepts of her religion and forfeiting benefits, on the one hand, and abandoning one of the precepts of her religion in order to accept [a benefit], on the other hand."). See Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006) (a substantial burden occurs when a state or local government, through act or omission, "put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs."), quoting Thomas, 450 U.S. at 718; Adkins v. Kaspar, 393 F.3d 559, 570 (5th Cir. 2004) ("[A] government action or regulation creates a 'substantial burden' on a religious exercise if it truly pressures the adherent to significantly modify his religious behavior and significantly violate his religious beliefs. . . . [A] government action or regulation is significant when it either (1) influences the adherent to act in a way that violates his religious beliefs, or (2) forces the adherent to choose between, on the one hand, enjoying some generally available, non-trivial benefit, and, on the other hand, following his religious beliefs."); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1227 (11th Cir. 2004) ("[A] substantial burden can result from pressure that tends to force adherents to forego religious precepts or from pressure that mandates religious conduct."). In practice, it is not clear that the decisional nuances in defining a substantial burden have any practical significance.

3

programs, which may make it more difficult to practice certain religions but which have no tendency to coerce individuals into acting contrary to their religious beliefs," are not affected by this standard. Lyng v. Nw. Indian Cemetery Protective Ass'n, 485 U.S. 439, 450 (1988).

As defendants point out, the pornography ban does not substantially burden plaintiff's religious practice.

> [H]e may worship corporately with the other Wiccan inmates during their weekly service and participate in the 20 Esbats and Sabbats held yearly in accordance with the Wiccan calendar. Plaintiff may purchase and retain in his cell a crescent moon necklace or a cougar power amulet medallion, prayer oil in certain designated quantities and scents, a Book of Shadows, runes and a cloth rune bag in which to store these, where runes are used for divination purposes and also tarot cards, that are also used for divination purchases which do not contain nudity and are available in the inmate canteen through Keefe commissary.

Defendants' Mem. at 11. In applying the substantial burden standard "[c]ontext matters." Grutter v. Bollinger, 539 U.S. 306, 327 (2003). When the disruptive effects of pornography circulating in a volatile prison setting are weighed against the negligible burden involved in a ban on a visual substitute for the imagination, it is clear that defendants are entitled to dismissal as a matter of law.

## ORDER

For the foregoing reasons, defendants' motion to dismiss is ALLOWED.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

4